```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America,      :

      Plaintiff,         :

  v.                            :      Case No. 2:07-mj-0017

Roy Christopher Musser,        :      MAGISTRATE JUDGE KEMP

      Defendant.         :

<u>DETENTION ORDER</u>

      The above defendant appeared before the Court for a detention hearing on January 31, 2007.  Following the hearing, he was ordered detained without bond.  The purpose of this order is to set forth in writing the reasons for that decision.

      The defendant was charged in a criminal complaint filed in this Court on January 23, 2007, with fraud on the United States Postal Service.  The complaint alleged that he attempted to present a postal money order knowing that it was unlawfully issued.  The complaint also charged him with resisting arrest.  Although there is probable cause to believe that he committed these offenses, they do not carry with them a presumption of detention.  Consequently, the United States' request for detention is evaluated under the following legal standard.

      Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter</u> <u>alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions

of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The only evidence available to the Court at the detention hearing was the report of the pre-trial services officer.  That

report indicated that the defendant has spent most of his life in North Carolina and has been in the Columbus area for only a few months. His family in North Carolina did not express a great deal of confidence in the defendant's willingness to appear in court and were uncertain where he was living. It does appear that he shares an apartment in the Columbus area with a co-worker and that the co-worker would be willing to have him returned to the apartment and to be subjected to electronic monitoring if released.

    A great concern to the Court was the extent and nature of the defendant's criminal record. Although somewhat hard to decipher, the record appears to indicate that the defendant was first convicted of felony criminal conduct in 1997 when he was found guilty of burglary and sentenced to a jail term. It appears that in the same year, he was separately convicted of breaking and entering of a motor vehicle and given another jail term. A conviction for felony larceny of a firearm is also reflected in his record.

    Three years later, the defendant was charged with a large number of felony offenses including breaking and entering, larceny, and safe cracking. He was convicted on several felony offenses and given a prison term of eleven to fourteen months on May 6, 2002, followed by five years of probation. Although he advised the Court that he is not currently on probation, the record does not reflect when that probation ended. While those felony charges were pending, it appears that the defendant committed a misdemeanor escape from jail, which was described in court as a "walk away" situation, and he was convicted of that offense on May 6, 2002. The same day that he escaped from jail, he apparently engaged in other criminal conduct, because he was convicted of a breaking and entering offense dated from the same day.

After being released from prison, the defendant was convicted of misdemeanor larceny on May 18, 2005 and served a four-month jail term.  In 2006, he was charged with felony fleeing, although those charges were subsequently dismissed.  It should also be noted that the Postal Service fraud count with which he is charged in Ohio stems from the burglary of a post office in which a safe was broken into.  As reflected in the government's exhibits 2 and 3, which are inventories taken from searches of the defendant's vehicle and his apartment, other items also taken in that burglary were discovered, as well as tools which could have been used in the burglary.

The Court recognizes that the offenses charged in the complaint are not the ones on which defendants are typically detained without bond.  However, the above description of the defendant's criminal record, including its length, the fact that there is an escape conviction, and the fact that the defendant appears to have committed at least one offense while on probation, make the Court very concerned about his willingness or ability to comply with conditions of pre-trial release.  The circumstances of the instant offense, which include resisting arrest, and his lack of strong ties to the Central Ohio area, present further concerns.  The Court concluded, based upon all the evidence, that the government had met its burden of demonstrating by a preponderance of the evidence that an unacceptable risk of flight exists in this case.  As a result, the defendant was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge